UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL JOSEPH CUTILLO,

    Plaintiff,

v.                            Case No: 2:14-cv-138-FtM-29CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

**ORDER**

    This matter comes before the Court on review of plaintiff's Verified Complaint (Doc. #1) and Motion for Temporary Restraining Order (Doc. #3) filed on March 10, 2014. Plaintiff seeks to preclude Administrative Law Judge (ALJ) Larry J. Butler from hearing plaintiff's case scheduled for the afternoon of March 10, 2014. For the reasons set forth below, the Verified Complaint is dismissed for lack of subject-matter jurisdiction, and the Motion for a temporary restraining order is denied as moot.

    The Court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)(collecting cases). If the Court

determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

The Verified Complaint (Doc. #1) provides that it is an action for a temporary restraining order pursuant to Local Rule 4.05. Plaintiff states that a request for recusal was made, but ALJ Butler refused to recuse himself. Plaintiff contacted the Office of Regional Counsel and obtained no relief.[1] Plaintiff alleges that administrative remedies were exhausted and no other adequate remedy is available. No jurisdictional allegations are otherwise set forth in the Complaint, and no recognizable cause of action is articulated. Plaintiff simply wants the Court to compel the recusal of the ALJ while the administrative case is proceeding.

A complaint must set forth "a short and plain statement of the grounds for the court's jurisdiction". Fed. R. Civ. P. 8(a)(1). The only possible basis for jurisdiction set forth in the Complaint or the Motion for Temporary Restraining Order is the reference to Middle District of Florida Local Rule 4.05, which addresses motions for temporary restraining orders. (Doc. #3, pp. 2-3.) It is well established, however, that rules of practice and procedure do not create federal subject matter jurisdiction, which

---

[1] The Motion for Temporary Restraining Order provides that Anita Bellinger, the Regional Counsel, was unavailable because she was out of the office. (Doc. #3, p. 2.)

can only be done by Congress. <u>Kontrick v. Ryan</u>, 540 U.S. 443, 452, 454 (2004). <u>See also</u> Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").

To the extent that plaintiff may be asserting a procedural due process claim as a basis for jurisdiction[2], such a claim is frivolous on its face. The administrative proceedings, 20 C.F.R. § 404.940 (which plaintiff has not followed) provide due process, and district court review of a final decision of the Commissioner can include the failure to recuse an ALJ. <u>E.g.</u>, <u>Jarrett v. Comm'r of Soc. Sec.</u>, 422 F. App'x 869, 874 (11th Cir. 2011). Therefore, such a constitutional cause of action would not create a basis for jurisdiction. <u>See Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946)(a failure to state a cause of action normally calls for a judgment on the merits and not a dismissal for want of jurisdiction, <u>except</u> "that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."). <u>See also</u> <u>Barnett v. Bailey</u>, 956 F.2d 1036, 1041-42 (11th Cir. 1992)(citing <u>Bell</u>).

Accordingly, it is hereby

---

[2] <u>See</u> Motion for Temporary Restraining Order (Doc. #3, p. 3).

**ORDERED:**

1. The Verified Complaint (Doc. #1) is **dismissed** without prejudice for lack of subject-matter jurisdiction.

2. Plaintiff's Motion for Temporary Restraining Order (Doc. #3) is **DENIED as moot.**

3. The Motion to Proceed In Forma Pauperis (Doc. #2) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of March, 2014.

                                            JOHN E. STEELE
                                            UNITED STATES DISTRICT JUDGE

Copies:
U.S. Magistrate Judge
Counsel of Record